Larisa GEVORKOVA;
et al., Petitioners,

v.

Eric H. HOLDER, Attorney
General, Respondent.

No. 04–75987.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed May 7, 2009.

Boghosian & Morales, Glendale, CA, Petitioners.

Before: PREGERSON and RYMER, Circuit Judges, and KORMAN,* District Judge.

MEMORANDUM **

Larisa Gevorkova and her husband, Sergo Gevorkova (collectively, the Gevorkovas), natives of the former Soviet republic of Georgia, petition for review of a final order of the Board of Immigration Appeals denying their application for asylum, withholding of removal, and application for relief under the Convention Against Torture. We deny the petition for review.

There was substantial evidence to support the immigration judge's adverse credibility determination with respect to past persecution. There was inconsistent testimony between Mr. and Mrs. Gevorkova or between testimony and the asylum application with respect to whether Mrs. Gevorkova went to the Refugee Committee at all, whether her birth certificate was presented to the Refugee Committee and was rejected because she was Abkhazian, whether both Mr. and Mrs. Gevorkova were attacked in Sochi, Russia, and whether the attack on Mr. Gevorkova in Tbilisi, Georgia was reported to authorities. These inconsistencies are not minor or unimportant, but rather go to the heart of the Gevorkovas' claim of past persecution, *see Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990), and thus support an adverse credibility finding and denial of the asylum application.

Likewise, the Gevorkovas are unable to show an objectively reasonable, well founded fear of future persecution. To show future persecution, they relied mostly on the same evidence of past persecution that lacked credibility, and accordingly, the evidence presented was not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The Gevorkovas' application for withholding of removal was also properly denied. A failure to meet the standard for showing a well founded fear of future persecution necessarily precludes withholding of removal, which requires a more stringent standard be met. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

There is virtually no evidence to support the Gevorkovas' claim for relief under the Convention Against Torture. Again, much of the same evidence of past persecution that lacked credibility is relied upon, *see*

---

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003), and any additional evidence does not rise to the level of showing "it is more likely than not that [they] would be tortured if removed to [Georgia]." 8 C.F.R. § 208.16(c)(2).

PETITION FOR REVIEW DENIED.

PREGERSON, J., dissenting:

I dissent. Larisa Gevorkova and her husband, Sergo Gevorkova, are Georgian nationals of mixed ethnicity. Because of their mixed ethnicity and the ongoing strife and hostility between Georgia and Abkhazia, the Gevorkovas faced significant persecution. They were not safe in the Georgian city of Tbilisi because of Mrs. Gevorkov's Abkhazian ethnicity, and they were not safe in Abkhazian areas such as Sokhumi or in Russia because of Mr. Gevorkova's Georgian and Armenian ethnicity. Accordingly, I believe that, if forced to return to Georgia, there is at least a ten percent chance the Gevorkovas will face future persecution because of their mixed ethnicity. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001) ("[E]ven a ten percent chance of persecution may establish a well-founded fear."). I would grant the petition for review and reverse the Board of Immigration Appeals and Immigration Judge's determination that the Gevorkovas are not eligible for asylum.